**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RODIRIGO A. PATZY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 16-507 (RMC)** |
| **FRED P. HOCHBERG, President & Chairman, Export-Import Bank of the United States** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Fred. P Hochberg, President and Chairman of the Export-Import Bank of the United States (the Bank), moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56. Rodrigo A. Patzy opposes and moves for discovery. The Court will grant Defendant's motion to dismiss with respect to Mr. Patzy's retaliation claim and deny it with respect to his Title VII discrimination claim. The motion for summary judgment on the discrimination claim will be denied without prejudice pending discovery.

## I. FACTS

Mr. Patzy is a Latino male. He entered government service in 2000 and became a Portfolio Manager in the Bank's Trade Credit Insurance Division (TCI Division). In 2005, Walter Kosciow, the Bank's Vice President, promoted Jean Fitzgibbon, a white female, over Mr. Patzy to become a GS–14 Director of Mr. Patzy's section. While working under Ms.

Fitzgibbon's supervision, Mr. Patzy felt animosity from her that he thinks stems from her "inability to accept Latino men as equals." Compl. [Dkt. 1] ¶ 17.

Mr. Patzy was deployed to Iraq in 2008 in support of Operation Iraqi Freedom and Operation Enduring Freedom. While Mr. Patzy was serving in Iraq, two GS–14 Director positions in the TCI division became available. Mr. Kosciow hired Christine Gerges, a white female, and Miguel Cornejo, a Latino male, to fill the two Director positions.

On his return from Iraq, Mr. Patzy was assigned to Mr. Cornejo's section. Mr. Cornejo regularly gave Mr. Patzy "Top Performer" annual performance ratings, the Bank's highest rating, making Mr. Patzy eligible for "Quality Step Increases," which raised his pay. Compl. ¶ 27.

In June 2012, the Bank posted another GS–14 Director vacancy announcement. Mr. Patzy, who was working at the GS–13 level, applied for the position and was selected for an interview. The selection panel consisted of three Directors: Ms. Fitzgibbon, Ms. Gerges, and Mr. Cornejo. The panel recommended a white female, Michelle Miller, for the position, but she declined the offer. The Bank indicates that the second-best qualified candidate, Sandra Donzella, was selected but not offered the position because she said during her interview that she was unable to relocate to Washington, D.C. *See* Def. Statement of Facts [Dkt. 5] ¶ 13. Mr. Patzy alleges that he must have been the second-best qualified candidate and that the Bank departed from established custom and practice in not offering him the position. *See* Compl. ¶ 38.

The Bank re-posted the vacancy and, with Mr. Kosciow's encouragement, Mr. Patzy re-applied and was again selected for an interview. The second selection panel, consisting of Ms. Gerges and Mr. Kosciow, recommended Anita Turi-Wright, a white female, for the

position, and she accepted.  During Mr. Patzy's interview, the panel members noted that he did not perform well when asked to review basic corporate financial statements.

In September 2012, Mr. Patzy filed a discrimination complaint.  In Mr. Patzy's next performance evaluation, in November 2012, Mr. Kosciow gave him a rating of "Excellent," a step down from "Top Performer," despite the fact that Mr. Cornejo believed Mr. Patzy deserved a "Top Performer" rating.  Mr. Kosciow explained that the rating was due to "issues with attention to underwriting detail and Plaintiff's critical thinking when producing credit risk justifications/evaluations."  Def. Statement of Facts ¶ 32.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual information, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A court must assume the truth of all well-pleaded factual allegations and construe reasonable inferences from those allegations in favor of the plaintiff.  *See Sissel v. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).  A court need not accept inferences drawn by a plaintiff if such inferences are not supported by the facts set out in the complaint.  *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Further, a court does not need to accept as true legal conclusions set forth in a complaint.  *See Iqbal*, 556 U.S. at 678.

**B. Motion for Summary Judgment Pursuant to Rule 56**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is generally considered "premature unless all parties have 'had a full opportunity to conduct discovery.'" *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Anderson*, 477 U.S. at 257). The D.C. Circuit has "rejected the notion that a district court can ordinarily resolve a Title VII complaint based on the administrative record," noting that courts should focus on the employee's complaint, allowing "'the employee . . . to conduct discovery and compel the attendance of witnesses to furnish additional evidence.'" *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (quoting *Hackley v. Roudebush*, 520 F.2d 108, 151 (D.C. Cir. 1975)).

**III. ANALYSIS**

**A. Mr. Patzy's Discrimination Claim**

In order to bring an actionable discrimination claim under Title VII, Mr. Patzy must establish that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the adverse action gives rise to an inference of discrimination. *See Edwards v. Gray*, 7 F. Supp. 3d 111, 114 (D.D.C. 2013); *see also Nguyen v. Mabus*, 895 F. Supp. 2d 158, 174 (D.D.C. 2012); *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002). "An

employment discrimination plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss." *Jones v. Air Line Pilots Ass'n, Intern*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) (citing *Sweirkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). A plaintiff must, however, plead sufficient facts to demonstrate plausible relief. *Jones v. Castro*, 168 F. Supp. 169, 184 (D.D.C. 2016).

Mr. Patzy pleads adequate facts to survive a motion to dismiss on his discrimination claim. Furthermore, there are sufficient facts in dispute to warrant discovery before considering a motion for summary judgment. The Court will accordingly deny Defendant's motion to dismiss, in part.

**B. Mr. Patzy's Retaliation Claim**

In order to bring an actionable claim of retaliation, Mr. Patzy must show "(1) that he opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action against him; and (3) that the employer took the action 'because' the employee opposed the practice." *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012). "The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). In order to establish sufficient harm, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse," meaning an action that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. at 68 (internal quotation marks and citations omitted). A showing of "petty slights, minor annoyances, and simply lack of good manners" is insufficient to demonstrate deterrence. *Id*. Rather, for an

action to be adverse, it must cause "significant, tangible harm."  *Walker v. Johnson*, 798 F.3d 1085, 1095 (D.C. Cir. 2015).[1]

Mr. Patzy alleges that as a result of his lowered performance rating he was not *eligible* for a "Quality Step Increase" that he had earned in the prior year.  *Weber v. Battista*, 494 F.3d 179 (D.C. Cir. 2007), held that a lowered performance rating could amount to an adverse employment action when the record showed the employer had "opted to give Weber an award in each of the three years preceding 1998, the year in which she complained of discrimination and received no such award."  *Id*. at 185.  In *Bridgeforth v. Jewell*, 721 F.3d 661 (D.C. Cir. 2013), the Circuit Court distinguished *Weber*, noting that the *Weber* plaintiff "could produce evidence of a pattern of receiving such awards that ceased when she engaged in protected activity" and therefore "[t]he link between performance evaluation and award was so direct that the alleged harm was not speculative."  *Id*. at 664.  In *Bridgeforth*, evidence that the employee had been nominated for awards in prior years did not create a sufficiently direct link between "action, nomination, and award" as it did not demonstrate that the nominations or awards occurred with "predictable regularity."  *Id*. at 664-65.

Mr. Patzy has failed to establish that his lowered performance rating amounted to a materially adverse employment action.  He alleges only that a higher rating would have made him eligible for a Quality Step Increase, leaving to speculation whether eligibility regularly

---

[1] The Court adopts the position, articulated in *Burlington*, that "Title VII's substantive provision and its antiretaliation provision are not coterminous. The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm."  548 U.S. at 67; *see also Passer v. American Chemical Society*, 935 F.2d 322, 330 (D.C. Cir. 1991) (Title VII "does not limit its reach only to acts of retaliation that take the form of cognizable employment actions such as discharge, transfer, or demotion."); *accord Burke v. Gould*, 286 F.3d 513, 522 (D.C. Cir. 2002).

becomes an award. The Court will accordingly grant Defendant's motion to dismiss Mr. Patzy's retaliation claim.

A memorializing Order accompanies this Memorandum Opinion.

Date: November 9, 2016                              /s/
ROSEMARY M. COLLYER
United States District Judge