UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RODIRIGO A. PATZY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-507 (RMC) |
| ) | |
| **FRED P. HOCHBERG,** ) | |
| **President & Chairman, Export-Import** ) | |
| **Bank of the United States,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On March 16, 2016, Rodrigo A. Patzy filed a Complaint against Fred P. Hochberg, in his official capacity as President and Chairman of the Export-Import Bank of the United States (the Bank), claiming retaliation and discrimination against Mr. Patzy because he is a Latino male. On November 9, 2016, this Court denied the Bank's Motion to Dismiss Mr. Patzy's discrimination claim and granted the Motion with respect to his retaliation claim. *See* Mem. Op. [Dkt. 14]. Mr. Patzy now moves for reconsideration of the Court's ruling on his retaliation claim. *See* Mot. for Recons. [Dkt. 17]. Since the facts are described in detail in this Court's Memorandum Opinion on the Motion to Dismiss, they will not be reiterated here. *See* Mem. Op. at 1-3. The Court will deny Mr. Patzy's Motion for Reconsideration.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) governs a court's reconsideration of non-final, or interlocutory, orders. *See Murphy v. Exec. Office for U.S. Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), *aff'd*, 789 F.3d 204 (D.C. Cir. 2015). An order granting a motion to dismiss, in part, is an interlocutory order. *Cuban v. S.E.C.*, 795 F. Supp. 2d 43, 48 (D.D.C. 2011) ("Court

action that terminates fewer than all claims in a case is considered interlocutory." (citing *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997))). Rule 54(b) provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

A motion for reconsideration under Rule 54(b) may be granted "as justice requires." *United States v. Dynamic Visions, Inc.*, No. CV 11-cv-695(CKK), 2017 WL 1476102, at *2 (D.D.C. Apr. 24, 2017) (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)). The court may consider whether it "patently misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Id*. (internal quotation marks and citation omitted).

## II.  ANALYSIS

This Court dismissed Mr. Patzy's retaliation claim because he "failed to establish that his lowered performance rating amounted to a materially adverse employment action," and, therefore, had not pled sufficient facts to state a claim for retaliation under Title VII, 42 U.S.C. § 2000e-3(a) (2012). Mem. Op. at 6. As the Court explained, Mr. Patzy "allege[d] only that a higher rating would have made him eligible for a Quality Step Increase, leaving to speculation whether eligibility regularly becomes an award." *Id*. at 6-7. Mr. Patzy's allegations remain the same; he has presented no grounds that warrant reconsideration of the Court's ruling.

In the context of a claim of retaliation or discrimination under Title VII, a performance assessment is not adverse merely because it was lowered; "rather, the question is whether discrimination or retaliation caused a significant, tangible harm." *Walker v. Johnson*,

798 F.3d 1085, 1095 (D.C. Cir. 2015). To establish "injury or harm" that falls within the protection of Title VII's anti-retaliation provision, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). A "materially adverse" action is one that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation marks and citations omitted).

A significant, tangible harm is reflected, in most cases, by "*direct* economic harm." *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762 (1998)). Thus, to be considered "materially adverse," a poor performance evaluation generally must "affect an employee's 'position, grade level salary or promotional opportunities.'" *Ramos v. Lynch*, No. 13-cv-0328(ABJ), 2017 WL 421907, at *6 (D.D.C. Jan. 31, 2017) (quoting *Taylor v. Solis*, 571 F.3d 1313, 1321 (D.C. Cir. 2009)). The complaint must allege sufficient facts to infer that the "performance evaluation is *linked* to the year-end bonus, and is therefore an adverse employment action." *Bruder v. Chu*, 953 F. Supp. 2d 234, 242 (D.D.C. 2013) (emphasis added). Generally, a plaintiff must allege a causal relationship between a performance evaluation and the lack of an award; it is insufficient to show that a higher evaluation would merely make an employee *eligible* for consideration for an award. *Compare Weber v. Battista*, 494 F.3d 179 (D.C. Cir. 2007) (finding causal relationship between evaluation and financial award) *with Douglas v. Donovan*, 559 F.3d 549, 553 (D.C. Cir. 2009) (nomination was necessary but not sufficient to ensure receipt of an award with related financial compensation).

In *Weber*, 494 F.3d 179, the plaintiff survived summary judgment where she established a "causal relationship" between her evaluation and the lack of an award because the

3

record showed that the employer had "opted to give Weber an award in each of the three years preceding 1998, the year in which she complained of discrimination and received no such award." *Id*. at 185.  In *Douglas*, 559 F.3d 549, the court did not find sufficiently tangible harm where the plaintiff's employer declined to recommend the plaintiff for a Presidential Award, with its accompanying financial benefit. *Id.* at 551.  While the departmental nomination was a threshold requirement to be considered for a Presidential Award, it was "but a single point in the assessment," and, after the nomination, many other factors would be considered. *Id.* at 553.  The alleged harm was too speculative "[b]ecause nomination for a Presidential Award [did] not automatically or even consistently lead to receipt of one[.]" *Id.* at 553-54.

    Mr. Patzy does not argue that there has been a "significant change" in law or facts, or that the Court's decision went "beyond the adversarial issues presented to [it.]" *Dynamic Visions*, 2017 WL 1476102, at *2.  Rather, he repeats his argument that his "Complaint of Damages [sic] established that a 'Top Performer' gave rise to more than much more than [sic] a fanciful hope of a quality step increase. The increase in compensation was actually more reasonable expectation [sic]." Mot. for Recons. at 2.  Mr. Patzy reiterates that "a 'Top Performer' designation . . . would *again make* Mr. Patzy eligible for a bonus." Mot. for Recons. at 2 (citing Compl. [Dkt. 1] ¶ 48).  The Court did not patently misunderstand the allegations that Mr. Patzy has made before and emphasizes now. *See Dynamic Visions*, 2017 WL 1476102, at *2.  The mere allegation that Mr. Patzy would "again" have been "eligible" for a Quality Step Increase had he received a higher performance evaluation does not raise an inference of harm that rises above speculation. He shows no certainty of an award, only that a higher rating was necessary for eligibility.

Mr. Patzy also asks the Court to consider evidence that he may obtain during discovery. At the point of a motion to dismiss, a court's "role is not to speculate about which factual allegations are likely to be proved after discovery." *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015) (citing *Twombly*, 550 U.S. at 556). If there is a link to be established between Top Performer designation and a Quality Step Increase, the allegations in the complaint must establish at least an inference of such a connection. There is none here. It is accordingly

**ORDERED** that Plaintiff's Motion for Reconsideration [Dkt. 17] is **DENIED**.

Date: July 20, 2017                                                /s/

ROSEMARY M. COLLYER
United States District Judge